IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH H,<br><br>                Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE DECISION OF THE COMMISSIONER<br><br>Case #4:20-cv-120 PK<br><br>Magistrate Judge Paul Kohler |

Before the court is Plaintiff Joseph H's appeal of the Commissioner's final decision denying his application for Disability Insurance Benefits and Supplemental Social Security Income under the Social Security Act, 42 U.S.C. § 405(g).[1] After reviewing the parties' memoranda, relevant case law, and hearing argument, the court finds the ALJ's decision supported by substantial evidence and free from harmful legal error. Therefore, the court will affirm the Commissioner's decision.

## BACKGROUND

Claimant Joseph. H,[2] filed an application for Disability Insurance Benefits and Supplemental Social Security Income on January 25, 2018. Mr. H was 38 years old on his alleged disability date. He alleges disability due to multiple impairments including, morbid obesity, syncope, degenerative disc disease of the lumbar spine, obstructive sleep apnea, anxiety disorder, and a learning disorder as well as neurological damage to the head, foot pain, hearing

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C § 636(c). (ECF No. 11.)

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.

loss, and depression. (TR. 15, 322, 300, 330, 399,420, 480; Exhibits B3E/2, B17E) [3] Claimant has a high school education level and lives with his two minor children and his mother who cares for them all. (Tr. 37.) Claimant's previous work experience is primarily in heavy work. (Tr. 37-40).

The ALJ issued a decision on Feb. 28, 2020 that followed the regulatory five-step sequential evaluation process in determining Mr. H was not disabled. (Tr. 26); see 20 C.F.R. §§ 404.1520(a), 416.920. The ALJ found Claimant had the following severe impairments: morbid obesity, syncope, degenerative disc disease of the lumbar spine, obstructive sleep apnea, anxiety disorder, and learning disorder. (Tr. 15). The ALJ next found that his impairments did not meet a listed impairment. (Tr. 16). The ALJ determined that Claimant has the residual functional capacity (RFC) to perform sedentary work as well as, "performing simple, repetitive tasks, with a reasoning level of 2-3." (Tr. 18); see 20 CFR 404.1567(a), 416.967(a). After finding Claimant could not perform any past relevant work, the ALJ relied on vocational expert (VE) testimony in determining he could perform other work existing in significant numbers in the national economy. The representative positions include: (1) document preparer, with 19,000 jobs nationally; (2) lens inserter, 11,000 jobs nationally; and (3) bench assembler with approximately 12,500 jobs nationally. This totaled 42,500 jobs nationwide. The ALJ did not cite to any regional numbers of these jobs in the decision, but the VE did testify at the hearing regarding one position, document preparer, testifying there are 100 regional jobs available in Utah. (Tr. 25-26, 49-50).

In accordance with these findings, the ALJ found Plaintiff not disabled within the meaning of the Act. (Tr. 26). The Appeals Council declined to review this decision. (Tr. 1-6).

---

[3] Tr. refers to the transcript of the administrative record before the court.

Thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 416.1481; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). This court has jurisdiction under 42.U.S.C. § 405(g).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

# DISCUSSION

To establish disability, Claimant must show he has an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months

42 U.S.C. § 423(d).

Claimant alleges the ALJ committed two errors: 1) The RFC determination is not supported by substantial evidence because the ALJ did not specifically address his severe impairment of learning disorder in reading and writing; and 2) The ALJ erred by failing to consider the *Trimiar* factors. *See Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). Plaintiff further alleges at least one of the identified jobs required reading and writing beyond his abilities.

Because Plaintiff applied for benefits after March 27, 2017, revised regulations apply to the ALJ's analysis. (Tr. 13.) The revised standards eliminate any hierarchy among the medical opinions and give no deference to any opinion like that under the prior treating physician rule. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

Under the new regulations, the most important focus is on the "persuasiveness of medical opinions and prior administrative findings", supportability, and consistency. *Id.* The regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* "The more consistent a medical opinion(s) or

4

prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

**I.      The RFC determination is supported by substantial evidence**

An individual's RFC is the most they can do despite their limitations. *See* 20 C.F.R § 404.1545. Here the ALJ found Plaintiff had severe mental impairments and limited him to simple, repetitive tasks with a reasoning level of 2 or 3. (Tr. 18.) Plaintiff argues that he cannot perform many of the hypothetical jobs listed due to learning disabilities in reading and writing, which the ALJ found to be "severe," but failed to apply or discuss in the hypothetical jobs. Claimant relies on a consultative examination by Dr. Chris Anderson.

Dr. Anderson diagnosed Plaintiff with psychotic features, anxiety disorder, and learning disorder with impairment in reading and writing. The ALJ specifically considered Dr. Anderson's examination noting that much of it was "unremarkable." (Tr. 23.) In fact, Dr. Anderson opined that Plaintiff's "intellectual abilities do not appear significantly impaired." (Tr. 399.) The ALJ then specifically accounted for the learning disorders that "tend to persist throughout a lifespan" by limiting Plaintiff to the simple, repetitive tasks with a 2 to 3 reasoning level. In addition to considering Dr. Anderson's examination and opinion, the ALJ reviewed medical opinions in prior administrative findings, (Tr. 23.), a consultative exam with Dr. Charisma Pinna, that was unremarkable, (Tr. 22.) and the varying levels of Plaintiff's conditions reported by Dr. Greg Last, Plaintiff's primary care provider. (Tr. 19-20.)

The court finds based on the record and the ALJ's analysis as set forth in the decision, the ALJ's RFC determination is supported by substantial evidence. Plaintiff's attempts to argue the representative jobs with a reasoning level of 2 to 3 are unreasonable considering his learning disabilities is not supported in the record, including by Dr. Anderson whose own findings were unremarkable. The existence of a learning disorder from the past that likely continues into the future does not automatically equate to functional limitations that preclude employment. In the Court's opinion, this line of reasoning, which Plaintiff asks the court to adopt, amounts to an invitation to reweigh the evidence in a more favorable manner not supported by the record. The court, however, cannot reweigh the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.) (reviewing court cannot "reweigh the evidence or substitute [its] judgment for the Commissioner's"). Thus, Plaintiffs first argument fails.

## II.     A *Trimair* analysis is unnecessary here

Mr. H argues the alleged error with the RFC is "exacerbated by the fact that even with the less limited hypothetical, the vocation expert only identified a total of 42,500 jobs available in the national economy." Pla.'s brief p. 5. The VE further testified that only 100 jobs for the document preparer position existed in Utah. So, according to Plaintiff, when the numbers are this low, the ALJ should engage in a *Trimair* analysis considering factors such as the level of the claimant's disability and the reliability of the VE's testimony. *See Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). Claimant continues asserting the failure to engage in a *Trimiar* analysis, as well as not including a hypothetical with all the established limitations, undermines the ALJ's step 5 finding. According to Claimant, if the ALJ had engaged in the proper analysis a "significant number of jobs" would not be available for Plaintiff.

The court finds two cases central to consideration of Claimant's argument: *Garcia v. Comm'r SSA*, 817 F. Appx. 640 (10th Cir. 2020) and *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992).

In *Garcia*, based on the VE testimony, the ALJ identified three occupations the plaintiff could perform: usher with 9,000-10,000 jobs nationally; guide escort with 3,000 – 3,500 jobs; and children's attendant with 8,500 jobs. Equaling a total of 20,500-22,000 jobs. On appeal, the plaintiff argued the ALJ erred in finding this was a significant number of jobs without discussing the *Trimiar* factors. In considering this argument, the Tenth Circuit specified:

> Because Garcia met his burden to show he could not perform his past work, the Commissioner had the burden "at step five to show that [Garcia] retains sufficient RFC to perform work in the national economy, given [his] age, education, and work experience," *Lax,* 489 F.3d at 1084 (alteration and internal quotation marks omitted). Such work must "exist[ ] in significant numbers either in the region where [he] lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). It is immaterial, though, "whether ... (1) [w]ork exists in the immediate area in which [the claimant] live[s]; (2) [a] specific job vacancy exists for [the claimant]; or (3) [the claimant] would be hired if [he or she] applied for work." 20 C.F.R. § 404.1566(a).
>
> We have declined to "draw[ ] a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Trimiar*, 966 F.2d at 1330. Instead, "each case should be evaluated on its individual merits" and an ALJ should consider several factors, including "the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; [and] the types and availability of such work." *Id.* (internal quotation marks omitted).

*Garcia v. Comm'r, SSA, 817 F. App'x* 640, 648–49, 2020 WL 3443455 (10th Cir. 2020).

The Tenth Circuit then went on to distinguish the *Trimiar* case stating:

> we have noted that "[i]n Trimiar the focus was on jobs in the regional economy because the vocational expert in that case testified only to the number of available jobs in the regional economy." *Raymond v. Astrue,* 621 F.3d 1269, 1274 n.2 (10th Cir. 2009). The court therefore "turned to the multi-factor analysis to help" in determining whether a mere "650 to 900 [regional] jobs [was] a 'significant number.' " *Id.* But the ALJ in Garcia's case made a finding only as to national

7

>jobs, consistent with our observation that "the proper focus generally must be on jobs in the national, not regional, economy." *Id.* at 1274.
>
>Moreover, "Trimiar does not hold ... that a court must engage in a factoral analysis when the number of jobs relevant available is ... much larger" than the number of jobs at issue in Trimiar. *Id.* at 1274 n.2. Certainly, this case presents far fewer national jobs than the 1.3 million jobs in Raymond. *See id.* But the number of national jobs in the present case also far exceeds the 650 to 900 regional jobs identified in Trimiar. And Garcia has not established that 20,500 to 22,000 jobs is a "very limited number[ ]" under 20 C.F.R. § 404.1566(b).

*Garcia*, 817 F. App'x at 649–50.

The Commissioner relies on *Garcia* in this case, but Plaintiff argues the Commissioner's reliance is misplaced because the instant case is somewhere between *Trimiar* and *Garcia*. *Trimiar* focused on only regional numbers for jobs not national numbers, while *Garcia*, focused on only national numbers for jobs. Here, the VE provided both regional and national numbers. So, according to Mr. H, a *Trimiar* analysis is needed.

The Court is unpersuaded by Plaintiff for a number of reasons. First, as noted by the Tenth Circuit in *Garcia*, if Plaintiff believes the record is "inadequate regarding the location and geographical concentration of the occupations the VE identified, his counsel could have asked additional questions at the hearing to clarify such issues." *Garcia*, 817 F. App'x 640 at 649. *See Gay v. Sullivan*, 986 F.2d 1336, 1340 n.2 (10th Cir. 1993) ("Counsel could have probed the witness about the source's reliability and acceptance in the profession, but he did not do so, and now our assessment of such matters is effectively foreclosed." (citing *Trimiar*, 966 F.2d at 1330-31 & n.13)). *See generally Wall v. Astrue*, 561 F.3d 1048, 1063 (noting that "the ALJ may reasonably rely on counsel to identify the issue or issues requiring further development" and that the claimant must raise any substantial issue he seeks to develop). Counsel represented Mr. H at the hearing before the ALJ, and he failed to further explore or question the VE about the significance of regional jobs, or identify any need to engage in a *Trimiar* analysis.

Second, although *Garcia* is slightly different from the current case, the reasoning is persuasive. The number of jobs here, 42,500, is significantly more than that in *Trimiar* and is nearly double than those in *Garcia*. Plaintiff has failed to establish that 42,500 jobs is a very limited number under 20 C.F.R. § 404.1566(b). The court finds this case more analogues to *Garcia* than *Trimiar* due to the larger number of jobs and the fact that the VE only testified about one regional job number along with national numbers, instead of focusing exclusively on regional jobs like in *Trimiar*.

Third, the specific reasoning set forth in the concluding paragraph in *Garcia* is persuasive. The *Garcia* court stated:

> "Overriding the bare numbers is the procedural fact that th[is] case[ ] involve[s] court review of a finding of numerical significance made by the ALJ" and not a determination "in the first instance that a particular number [is] significant under the circumstances," *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). "[N]umerical significance entails many fact-specific considerations requiring individualized evaluation" and "should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (internal quotation marks omitted); *see also Harmon v. Apfel,* 168 F.3d 289, 292 (6th Cir. 1999) (noting the factors identified in *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988), which served as the basis for the *Trimiar* factors, "[a]re suggestions only—the ALJ need not explicitly consider each factor"). The ALJ found Garcia could perform jobs that existed in significant numbers in the national economy, and "[w]e do not presume to interpose our judgment for that of the ALJ," *Trimiar,* 966 F.2d at 1332.

*Garcia*, 817 F. App'x at 650.

Finally, Plaintiff's reliance on a recent case from New Mexico, *Mitchell v. Saul*, 2020 WL 4201855 (July 22, 20202, D.N.M.) (unpublished), is unpersuasive. *Mitchell* notes two cases published since *Trimiar* that consider the issue of "significance" in job numbers that are low. In one matter, *Allen v. Barnhart,* 357 F.3d 1140, 1143 (10th Cir. 2004), the Tenth Circuit reversed an ALJ's denial of benefits where two of the three jobs exceeded the plaintiff's RFC, and the third job only consisted of 100 jobs statewide. Unlike *Allen*, the evidence here does not foreclose

9

two out of the three jobs adopted by the ALJ and there are higher numbers for the availability of those jobs nationally, which even the *Mitchell* court notes is part of the applicable standard.

The second case *Mitchell* considered is *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir 2009), where the Tenth Circuit rejected the plaintiff's argument that the job focus is on the regional, not national economy. Looking at the national economy, as the ALJ did here exclusively for two of the three jobs, results in a higher number of jobs than in *Mitchell*, where the court noted only 12,900 jobs. Thus, while instructive, *Mitchell* does not dictate the need to engage in a *Trimiar* in this case.

## CONCLUSION AND ORDER

On appeal this court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax*, 489 F.3d at 1084. On the record before the court, the court finds the Commissioner's decision is supported by substantial evidence and the correct legal standards were applied.

Accordingly, IT IS ORDERED that the Commissioner's decision in this case is AFFIRMED.

DATED: 22 February 2022.

_____
PAUL KOHLER
United States Magistrate Judge